IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THOMAS ALFRED LOZEAU III, | Cause No. CV 23-71-M-DLC-KLD |
| Petitioner, | |
| vs. | ORDER |
| DON BELL, LAKE COUNTY SHERIFF, | |
| Respondent. | |

On June 9, 2023, Petitioner Thomas Alfred Lozeau III filed an application for writ of habeas corpus under 28 U.S.C. § 2241.  (Docs. 1 and 2.) At the time of filing, Lozeau was a pretrial detainee at Lake County Jail, Polson, Montana. Shortly after Lozeau's petition was filed, the Court learned that Lozeau was no longer at Lake County, so it directed him to show cause why his petition should not be dismissed. (Doc. 6.) Lozeau responded with two documents. (Docs. 7 and 8.) After considering them, the Court will dismiss Lozeau's petition.

Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment. The Court initially considered Lozeau's petition in that light, as he was a pretrial detainee.

1

However, the documents he submitted in response to the order to show cause reveal that the charges against him have been dismissed. (Doc. 7 at 5.) He also is now residing at a different facility on revocation of his conditional release on a prior conviction. (Doc. 7 at 1.) In Lozeau's second submission in response to the Court's Order, he asks the Court to substitute the conviction on which he is currently detained for his dismissed charges, and to continue against Deb Haaland, Secretary of the Interior, instead of Don Bell of Lake County. (Doc. 8.)

In a proceeding under 28 U.S.C. § 2241, a court may choose to apply the Rules Governing § 2254 Cases. *See* Rule 1(b), § 2254 Rules. The Court will do so. Pursuant to Rule 4, the petition must be dismissed "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, § 2254 Rules. Because there are no longer charges pending against Lozeau, and he is not held in the custody of Lake County Jail, Lozeau's petition must be dismissed. If Lozeau intends to petition for habeas relief on another conviction, he must do so separately, providing the Court with the relevant information regarding his conviction. The Court will not simply replace all of the elements of his petition for him.

Accordingly, IT IS HEREBY ORDERED:

1. Lozeau's petition (Doc. 1) is DISMISSED.

2. The clerk shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Lozeau files a Notice of Appeal.

DATED this 24th day of August, 2023.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court